**BEYER FARMS, INC., Plaintiff–Appellant,**

v.

**ELMHURST DAIRY, INC., Defendant–Appellee.**

Docket No. 01–7576.

United States Court of Appeals, Second Circuit.

May 28, 2002.

Shepard Goldfein, Skadden, Arps, Slate, Meagher & Flom, LLP, New York, NY, for Appellant.

Mitchell C. Shapiro, Constantine & Partners, New York, NY, for Appellee.

Present PARKER, POOLER, and B.D. PARKER, Jr., Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Beyer Farms, Inc. ("Beyer") appeals from the judgment of the district court entered April 11, 2001 granting the motion to dismiss of defendant-appellee Elmhurst Dairy, Inc. ("Elmhurst"). *Beyer Farms, Inc. v. Elmhurst Dairy, Inc.,* 142 F.Supp.2d 296 (E.D.N.Y. 2001).

Beyer brought suit against Elmhurst for alleged violations of § 1 of the Sherman Act. The district court dismissed Beyer's complaint for failure to state a claim upon which relief could be granted. Fed. R.Civ.P. 12(b)(6).

The district court correctly held that Beyer's only properly pleaded conspiracy allegation alleged route-swapping by Elmhurst, a milk processor and distributor, and Bartlett Dairy, Inc. ("Bartlett"), a non-defendant dairy. Contrary to Beyer's argument on appeal, Beyer alleged in its complaint that Elmhurst and Bartlett were engaged in a dual-distributorship relationship, or both a vertical and horizontal relationship. Had Beyer alleged a purely horizontal relationship between Elmhurst and Bartlett, Beyer would have alleged a per se violation of § 1 of the Sherman Act. Because Beyer did not so plead, its complaint was subject to scrutiny under the "rule of reason."

Under the rule of reason, the district court found Beyer's complaint deficient for (1) failing to define the relevant product market or allege whether substitute products are available, and (2) failing to allege an actual or intended injury to the market (as opposed to an injury to an individual competitor) or how the alleged route-swapping would damage competition. *Beyer Farms,* 142 F.Supp.2d at 303–05. Beyer presents no persuasive arguments to contradict the district court's conclusion.

The district court did not abuse its discretion when it denied Beyer's request for leave to amend the complaint on the grounds of futility as the proposed amended complaint did not remedy the original complaint's deficiencies. Beyer now seeks to amend the complaint to allege a per se antitrust violation. Although such an amendment would remedy many of the original complaint's deficiencies, it would be futile still because Beyer has not plead-

ed that it suffered an antitrust injury. "The per se rule is a method of determining whether § 1 of the Sherman Act has been violated, but it does not indicate whether a private plaintiff has suffered antitrust injury and thus whether he may recover damages under § 4 of the Clayton Act." *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 110 S.Ct. 1884, 1893, 109 L.Ed.2d 333 (1990). Even a plaintiff who alleges a per se antitrust violation must allege an injury to itself that "corresponds to the rationale for finding a violation of the antitrust laws in the first place," and Beyer has not done so. *Id.*

For the reasons set forth above, the judgment of the district court is AFFIRMED.